The Honorable, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may draw near, give their attendance, and they shall be heard. God save the United States of America and this Honorable Court. You may be seated. Court is adjourned. Today's cases will be called, as previously announced, and times will be as allotted to counsel. The first case today is number 22-1243, United States v. Derek Capozzi. At this time, would counsel for the appellant come to the podium and introduce herself on the record to begin? Good morning. Attorney Dana Goldblatt for Mr. Derek Capozzi. Just so all counsel knows, you're absolutely welcome to wear the mask at the podium, but you're not required by the rules of court at the podium to wear it. Thank you. I'd like to reserve five minutes for rebuttal. Three minutes. Three minutes max? Yeah. Three minutes then. Go ahead. Thank you. This is actually pretty simple. The issues have been greatly reduced since the original motion under 2255 was filed. If this is a Johnson claim, the defendant wins, and if this is a Mathis claim, the defendant loses. This is pretty much an agreed framing, I think, between Mr. Capozzi and the government. It is a Johnson claim if the defendant's motion for relief depended on his argument that the ACC enhancement of his 2000 sentence was illegal because it relied on the abrogated clause of the ACCA. If the ACC enhancement of the sentence was illegal because the court relied by using the modified categorical approach to convert an overbroad, indivisible statute into generic burglary, then this is a Mathis case, and the government wins. That is the framing the government has put forward. That is the framing in the briefs, and it is the sole issue in the case. Everything else follows from that. Counsel, you present that as neither-or proposition, and the district judge said that she likely regarded these claims as both. Isn't that correct? Almost. What she said was that she regarded her sentencing as relying on both clauses. But she regarded these charges as coming both under the residual clause and under the enumerated clause. Right. When she did the sentencing, she made this finding that that was the sentencing. That doesn't mean there's a Mathis claim. If it's a divisible statute, there's no Mathis claim. Can I ask you this question? The portions of the enumerated clause, the portions of the charged offense that are overbroad relative to the enumerated clause. Yes. Do they fall under the residual clause if it was in effect? No. So then how can you win? Because the claim you're now bringing post-Johnson could have been brought pre-Johnson. No. They did then in 2012. That's what I'm saying. Did the residual clause. In 2000 it applied. Now it just. It applied to the statute. Yes. But did the portions of the charged offense that exceeded the enumerated clause fall within the residual clause? Yes. Well, how can you explain what are the portions that are overbroad that would have fallen within that risk of violence, et cetera? The charge was a breaking and entering charge. Yes. And the either overbroad or if you want to just think of it as alternative elements. Just take the pieces of the charged offense that you say sweep more broadly than the enumerated clause. Yes. What are those pieces? Those pieces are breaking and entering into a ship, breaking and entering into a car. And does the residual clause cover those? Yes. And is there authority that suggests as to those the residual clause would be the reason they would be covered by the enhancement? The authority on the residual clause with respect to Massachusetts B&E is a broad finding unrelated to the enumerated felony clause. It's simply that breaking and it's the breaking part that was really the unlawful entry into a property for the intent to commit a felony is what makes it dangerous because you can be confronted by somebody who has the rights to that property and that will cause a violent interaction. So this unlawful entry. So your argument is pre-Johnson there is no way you could have brought the Mathis-Taylor claim you can bring post-Johnson because it would have been futile since if Johnson hadn't been decided, the residual clause would have kicked out the claim anyway. Is that the basic idea? That is with respect to Mathis, not with respect to Taylor because Taylor preceded the sentencing. So the sentencing actually was conducted under Taylor. But yes, with respect to Mathis, that would be true. Even as to Taylor, you couldn't have brought the Taylor claim successfully because the residual clause would have forced you to lose anyway. That's the idea. That's exactly right. And so the idea is this has to be a Johnson claim because once Johnson is decided, then you can win under Taylor slash Mathis. But until Johnson is decided, there's no way you could because the residual clause is going to be a showstopper on any claim you bring. Is that the idea? That's the idea. However, I also lose to be completely up front. Mr. Capozzi also loses if he could have been sentenced under the enumerated felony clause. So if that was possible, this can't be a Johnson claim. And I think that's the government's framing that it was possible. Before Mathis, it would have been possible. And that's what's wrong. The government's just wrong there. This is not a Mathis claim because there is no claim that this statute was known to be indivisible at that point. Mathis only applied to individual statutes. What it did was it took Taylor and the Taylor holding, which said that when you have a Well, let me just understand. Are you, is your claim now that even under Mathis, it's indivisible? No. No, because So are you saying then that you couldn't have Your claim is that if it was, you're accepting that it is divisible? For purposes of what was in, not the statute itself, but for purposes of what was in front of the judge at sentencing, there was no ability for her to determine that it was indivisible. So we would have had to progress on the assumption that it was divisible. And that would have been permissible. So this was done under Taylor with the assumption that this was a divisible statute. And that's clear from the reasoning and clear from the way that I get that, but I want to understand, does Mathis change anything from your perspective? And if so, how does it? Mathis will change how he gets resentenced. Because if he wins and gets resentenced, after he was sentenced in 2000, Massachusetts made it very clear that this is an indivisible statute. And there's a lot of evidence that can come forward of indictments that list all of the vessels. Makes it indivisible, so it just will help him. Yes, that will help. Yeah, but in that, in the relevant respect then, Mathis doesn't change anything. Nope. Because of what the Shepard document showed, et cetera. Is that the idea? This was even before Shepard. So we're going just on what the PSR reports about what Shepard documents show. But, yes, that is accurate. Mathis changes nothing because there's no claim. And, indeed, the government notes. But the key thing is it has to be the case, you agree, that the aspects of the charged offense that are overbroad relative to the enumerated clause are aspects that would have not fallen under the residual clause pre-Johnson. Yes. Okay, I got it. They absolutely would not have. Any further questions? Thank you, counsel, at this time. If counsel for the United States can introduce himself on the record to begin. May it please the court. Robert Richardson on behalf of the United States. I think what might be helpful is sort of to cut to the chase here. I think the heart of the defendant's argument is that because, in his view, he could not lawfully have been sentenced under the enumerated clause back in 2000 at the time he was sentenced. He, of necessity, was sentenced under the residual clause. And for that reason, he does gain the benefit of Johnson. And I think that's just flat wrong based on the law as it existed in this circuit at the time he was sentenced. And if I could just briefly go through that. As we all know, Taylor was decided in 1990. This court decided in 1992 the Harris case, which had to do with assault and battery. But it dealt with the sorts of materials that a court could consult, not in the context of a trial, because most of these actually are pleas, and that was the case in this case, but in the context of guilty pleas. And what this court said was, well, you can read the PSR to see what it says about what the indictment charged, how it was charged in the indictment. This court went on to say that if what that contains is boilerplate, so in a case like this, an overbroad statute, if it just regurgitates the entire statute, then you can look at the conduct, not because you're interested in whether, in fact, the conduct was violent or not, but because that can inform whether the defendant and the government or the Commonwealth had a common understanding that what was involved in this case was a building. And in Harris, this court went on to rely on the description, factual description in the PSR of what went on underlying the two assault and battery convictions and concluded that it was clear from that that there was a common understanding that what that defendant had been convicted of was the violent form of assault and battery. So that was in 1992. The sentencing in this case proceeded in the year 2000. Shepard came down about five years later in 2005, but in the meantime, this court twice considered what was going on in Shepard, first in November of 2000, so roughly seven months after the sentencing in this case, and then again in 2003. And I think in both opinions, this court made clear that Harris was still good law. And, in fact, I just understand, do you agree with your opponent that the aspects of the charged offense that are overbroad relative to the enumerated clause would have fallen within the residual clause pre-Johnson? I don't see that. I don't know whether that is true pre-Johnson. I know that Judge Saris considered the Wilkinson case in deciding what was, in effect, in the year 2000, at the time she did the sentencing, and Wilkinson dealt with a case in which this court concluded that the underlying location involved in the B&E or B&Es were buildings. And I think in that case, the court concluded that under the residual clause or under the enumerated clause, it counted, and that was, in effect, at the time of the sentencing. Okay, so how does that bear? I understand your, if I'm following you, that even though it's not the law now regarding the enumerated clause, it was the law then that it was permissible to sentence this defendant under the enumerated clause alone. That's your contention? Well, actually, there's two, well, one thing is not so much a contention is I don't think there has been any argument about whether the statute is divisible or not. We put a footnote in there that that's, there's some dispute. But as to whether, given the record as it stood at the time, under the law at the time, you're saying on that record and in light of the statute, it would have been permissible to sentence the defendant purely under the enumerated clause, whether or not that's true now, correct? Yes, it would, and to rely on the PSR, yes, exactly. But what is the significance that even if that is true, it is also true that at that time there would have been no point in the defendant contesting the sentencing because the residual clause independently would have justified the sentence? It's almost like alternative determinations. In other words, there's two different grounds, each of which independently blocked any relief. One of those grounds is now gone, as you agree, and it's gone and it's a constitutionally based reason for it being gone. Yes. How does that play into how we should then think about the impact of that vis-à-vis a defendant who, there would be no reason to have sought recourse at the time from the enumerated ground sentencing, because it wouldn't have done them any good because the residual clause would have been a showstopper anyway. Now, for the first time, that's not true. So how should that figure into how we think about relief? I don't think it should, Your Honor, and just to sort of bring this back to where we are now, this is not an appeal from a denial of the 2255 on the A and B convictions, I'm sorry, the breaking and entering convictions. It's an appeal claiming that Judge Saris, in having concluded, as she had to under Davis, that the 924C conviction had to be vacated, whether she abused her discretion in not doing a de novo sentence, sentencing, but rather corrected the sentence, which was one of the two options that she was presented with under 2255B. So that's really what this is about, and it's, you know, we think that... Well, it's a similar type of question, in the sense that why, given the reality of the situation the defendant was in, it's not of significance that there really was no prospect of getting relief from the sentence until Johnson was decided. And now that Johnson's been decided, why isn't this an appropriate time for them to then get the relief? Your Honor, I'm not sure I agree that there was no... This wasn't raised quite this way in the briefing. I'm not sure that it was... It remained true that the residual clause applied to breaking and enterings right up through and until Johnson. That's just not something we briefed, given the way this has been argued. So I'm not sure that it's correct that there was no time prior to Johnson 2 at which this could have been challenged. Can I ask you a question about that, then? If that's the case, that it could have been challenged up to... Well, here's my question. Why isn't, if it's a Johnson challenge, why isn't it untimely under the rules of retroactive application? One year after Johnson? Right. They did file a 2255 within a year of Johnson. They did. And that's this case? Well, actually, I'm not sure it is this case. The court, I believe, gave the defendant permission to do under the Certificate of Appealability was to proceed with a claim, basically a Davis claim, I think. And I believe the court took no position on any of the other aspects of the... But you don't contest that potential bar to the district court having reached the issue. If the Certificate of Appealability didn't, strictly speaking, permit consideration of what was considered, is that right? It did not, but it said it would... So what it said was it would be up to Judge Saris in her gatekeeping function to determine whether or not any of the other claims he had met the requirements of... ADEPA is how I say it. I probably have that wrong. So she determined that it did not meet the gatekeeping requirements. It was untimely. And that's why we say in our brief... But the reason why I say that's a similar question is if the reason it's untimely is because it's not a Johnson claim, and that's wrong, I know you're taking the position it's not wrong, but it's wrong because you can't see it as not a Johnson claim, since Johnson would have been a showstopper at the time, then that's not a very good reason for not exercising the discretion. I don't take you to be disputing that, but I guess I'm... It sounds like you're saying, but they never really made that argument to the district court. I don't think they made the argument that way, and I don't think, Your Honor, that they disputed that claim. Judge Sarris's determination that she did not have jurisdiction to hear the claim, that's the first part of our brief. That's not a claim they made, an argument they pursued in their opening brief, and that's why we say that that's waived. So that's really not where the argument was going. Any further questions? No. Thank you. Thank you, counsel. At this time, if counsel for the appellant would reintroduce herself on the record to begin. She has a three-minute rebuttal. Thank you. Attorney Dana Goldblatt on rebuttal for Mr. Capozzi. I think it might be helpful if I walk through the procedural posture of how this got here. Initially, there was a 2255 that was filed after the First Circuit permitted Mr. Capozzi to file a Davis claim, and he was successful on the Davis claim. At the same time, he filed a Johnson claim, and the court considered it. And the certificate of appealability did not itself address whether the Johnson claim could be? There was no certificate of appealability in this case because the defendant prevailed. I thought there was an order from our court. Is that wrong? This was a while back. This was a first 2255. This is why he had to get permission for a second or successive. He gets permission from the First Circuit to do a second or successive based on Davis, which is based on Johnson. He then files a motion in the district court requesting relief under both Johnson and Davis. He then amends it to add Rahaf because Rahaf is coming in and he doesn't want to miss the EDPA deadline for Rahaf. That's allowed. He's given permission to amend for Rahaf. He loses under Rahaf. And then the two other issues, Davis and Johnson, are pending before Judge Sarris. What she does is she grants relief under Davis and denies relief under Johnson. Because she grants relief under Davis, she has the option of correcting instead of fully amending the sentence, which option she takes. Now, if the defendant had prevailed on the Johnson claim on his motion, that ability to correct instead of amend would have been foreclosed. She would have had to do a full amendment. So what I'm saying is that, I mean, she did amend, but she would have had to do a full resentencing. So there's two arguments here. One, that she erred by not resentencing because she missed the Johnson claim. And two, that she erred by not exercising her discretion to resentence even after denying the Johnson claim, because at the very least, at that point, she knew that it was wrong. I mean, it's a wrong sentence. We know it's a wrong sentence. It hasn't been corrected. The issue is just under what statute could it ever be corrected? So those are two separate arguments. And there's no certificate of appealability because he prevails. So the first is just it was wrong of her to do a corrected sentence instead of a full resentencing because their ability to do that was based on an error she made in deciding this motion. So that's the full sort of procedural posture. And those are the two separate sections of the opening brief. There is no separate section. Were both of those arguments made to Judge Saris at the time of sentencing, of resentencing? In other words, when you requested resentencing and Judge Saris decided merely to correct, did you make those two arguments to her or are they being made for the first time on appeal? They're not new on appeal. I don't know the exact. I'm trying to think through this transcript. I don't want to mislead you. The exact framing that I would have used. But I was the one that made the argument. So I know that I was continually pointing out that this is just an error and we should be correcting it however we get there. So how that was framed in terms of it wouldn't have been grouped as these are the three separate errors you've made and how they can be corrected at sentencing. I certainly wouldn't have framed it that way. At sentencing, I would have said, I'm accepting that that has happened. I'm accepting your order on the motion. And I'm asking you to correct anyway because this is a matter of justice. Was the argument made to Judge Saris that the ways in which the statute of conviction was overbroad relative to the enumerated clause were ways that pre-Johnson would have been captured by the residual clause? I think it was assumed. It never came up. And I certainly assumed it and I think the government assumed it. I think that it wasn't an issue that ever crystallized below because the issue that brings something to the residual clause is the danger and not the type of property. So it never crystallized before her. I certainly argued repeatedly that the residual clause applied until I think it was in, I cite the case in 2012. I realize you say it applied. I guess the separate question is did it apply in a way that would have been dispositive against your client at the time? You're saying that it was implicit in everything that was argued? I argued that it applied against him. And I did not specifically say I think anywhere it applied against him regardless of the enumerated clause. And that's because the residual clause is not elements-based in the same way that the enumerated clause is. The enumerated clause really is, it has to match up the elements. And the residual clause, partly why it's so vague, is if there's a possibility, right? So it wasn't a matter of, well, is a boat under the residual clause? Is a vessel under the residual clause? It's not an issue that I remember ever crystallizing. But it was certainly assumed throughout. And I think the PSR shows that the issue of force and the issue of danger is what the probation department was considering because they're not listing a building that was a property. They're listing a property that was a residence because that's more dangerous to enter a residence, whether it's somebody's boat, somebody's van, right? So you can see probation is targeting everything toward the residual clause in the PSR. And there's nothing in the PSR that you would expect to be there if you really wanted under Taylor to make a point that this was a Anything further? Thank you. Thank you, counsel. That concludes argument in this case. Counsel is excused.